United States District Court
Southern District of Texas
**ENTERED**
May 17, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LEONARDO M. QUINONEZ,           §
TDCJ #1383789,                  §
                                §
        Plaintiff,              §
                                §
v.                              §         CIVIL ACTION NO. H-16-0822
                                §
STATE OF TEXAS, et al.,         §
                                §
        Defendants.             §

## MEMORANDUM OPINION AND ORDER

State inmate Leonardo M. Quinonez has filed a complaint under 42 U.S.C. § 1983 ("Complaint"), alleging violations of his civil rights in connection with a state court conviction (Docket Entry No. 1). Because he is incarcerated, the court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the claims and dismiss the case if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the court will dismiss this case for the reasons explained below.

## I.  **Background**

Quinonez is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Coffield Unit in Tennessee Colony, Texas.[1]   Public records reflect that Quinonez is serving three consecutive 60-year sentences as the result of convictions for aggravated assault of a child in Harris County cause numbers 1042909, 1042910, and 1042911.[2]   Those convictions were affirmed on appeal in an unpublished opinion.[3]

Quinonez has filed the pending Complaint against the State of Texas and the Harris County District Attorney, concerning his underlying convictions.[4]   Quinonez's sole claim is that the State failed to produce "exculpatory evidence" in response to his post-conviction motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.[5] The trial court denied Quinonez's motion for DNA testing and the state court of appeals affirmed that decision on June 16, 2011, finding that Quinonez's appeal was

---

[1]Complaint, Docket Entry No. 1, p. 1.

[2]Texas Department of Criminal Justice Offender Information located at:  https://offender.tdcj.texas.gov (last visited May 16, 2016).

[3]Quinonez v. State, Nos. 01-06-00706-CR, 01-06-00706-CR, 01-06-00707-CR, 2007 WL 4465580 (Tex. App. — Houston [1st Dist.] Dec. 20, 2007, pet. ref'd).

[4]Complaint, Docket Entry No. 1, p. 1.

[5]Id. at 3, 7-9.

frivolous.[6] Quinonez now seeks injunctive relief in the form of an order directing that biological evidence be produced and tested.[7]

## II. **Discussion**

### A. **The Complaint is Untimely**

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code § 16.003(a). To the extent that Quinonez complains of wrongdoing during his post-conviction DNA proceeding, he had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. See Gonzalez v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Court records show that Quinonez's motion for post-conviction DNA testing was denied on September 28, 2010.[8] That decision was affirmed on June 16, 2011, and the Texas Court of Criminal Appeals

---

[6]Id. at 7; Quinonez v. State, No. 01-10-00927-CR, 01-10-00928-CR, 01-10-00929-CR, 2011 WL 2436534, *1 (Tex. App. — Houston [1st Dist.] June 16, 2011, pet. ref'd).

[7]Complaint, Docket Entry No. 1, p. 4.

[8]Order Denying Post Conviction DNA Testing, Docket Entry No. 7-3, p. 16, in Civil Action No. H-12-2563 (S.D. Tex.).

refused discretionary review on January 11, 2012.[9]  To the extent that Quinonez takes issue with any aspect of his post-conviction DNA proceeding, his Complaint, which was executed by him on March 17, 2016,[10] is subject to dismissal as legally frivolous because it is well outside the governing limitations period.  See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).

## B.   The Complaint is Duplicative and Malicious

Moreover, a review of the Complaint in this case shows that Quinonez's claim is similar, if not identical, to a claim that was raised and rejected previously in another action filed by him in this district.  In Quinonez v. Stephens, Civil Action No. H-12-2563 (S.D. Tex.), Quinonez alleged as he does here that he was denied due process during his post-conviction proceeding because the State failed to produce evidence for DNA testing.[11]  The district court concluded that Quinonez failed to state a cognizable claim for relief, noting further that the trial court denied his motion for DNA testing after finding that there was no biological evidence to

---

[9]Quinonez v. State, No. 01-10-00927-CR, 01-10-00928-CR, 01-10-00929-CR, 2011 WL 2436534, *1 (Tex. App. — Houston [1st Dist.] June 16, 2011, pet. ref'd)

[10]Complaint, Docket Entry No. 1, p. 5.

[11]Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition"), Docket Entry No. 1, p. 6, in Civil Action No. H-12-2563 (S.D. Tex.).

test.[12]   The Fifth Circuit rejected Quinonez's appeal from that decision, addressing the merits and concluding that he failed to show that his due process rights were violated by the denial of his motion for post-conviction DNA testing.[13]

A prisoner civil rights complaint is considered "malicious" for purposes of the PLRA if it duplicates allegations made in another federal lawsuit by the same plaintiff.   See Pittman v. Moore, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam).   The allegations in Quinonez's pending civil rights Complaint mimic those that were adjudicated previously during his appeal from Civil Action No. H-12-2563, where his allegations were addressed on the merits by the Fifth Circuit.   Because Quinonez has made the same or similar claims in another lawsuit filed by him previously, the court concludes that the present Complaint is subject to dismissal as malicious under 28 U.S.C. § 1915A(b).   See e.g., Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed sua sponte).

## C.   The Complaint is Barred by Res Judicata

Alternatively, the Complaint is barred by res judicata because the prior judgment entered by the Fifth Circuit is entitled to preclusive effect.   Under the doctrine of res judicata a prior

---

[12]Memorandum and Order, Docket Entry No. 13, p. 1, in Civil Action No. H-12-2563.

[13]Quinonez v. Stephens, No. 13-20510, slip op. at 2-3 (5th Cir. May 7, 2014), Docket Entry No. 25, in Civil Action No. H-12-2563.

judgment is preclusive if the following four elements are present: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. <u>Test Masters Educ. Svc., Inc. v. Singh</u>, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).   Courts apply a "transactional" test to determine whether both actions assert the same claim or cause of action.   <u>See</u> <u>Davis v. Dallas Area Rapid Transit</u>, 383 F.3d 309, 313 (5th Cir. 2004) (citation omitted). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'"   <u>Id.</u> (quoting <u>Petro-Hunt, L.L.C. v. United States</u>, 365 F.3d 385, 395-96 (5th Cir. 2004)).   A second claim or cause of action is barred if it arises from "'the same nucleus of operative facts'" as the previous claim.   <u>Id.</u> (quoting <u>In re Southmark Corp.</u>, 163 F.3d 925, 934 (5th Cir. 1999)).

The first element of the <u>res judicata</u> analysis is met because the parties in this action are identical or in privity with the parties in the prior action.   The second and third <u>res judicata</u> elements are met because the prior judgment was rendered on the merits by a court of competent jurisdiction.   The fourth element is also met because Quinonez's claims arise from the same nucleus of

-6-

operative facts as the prior action, namely, his post-conviction motion for DNA testing.  To the extent that Quinonez raises the same due process violation that he presented previously, his claims are barred by <u>res judicata</u> and must be dismissed.

### III.  <u>Conclusion and Order</u>

Based on the foregoing, the court **ORDERS** as follows:

1.   The plaintiff's complaint is **DISMISSED with prejudice** as frivolous, malicious and, alternatively, barred by the doctrine of <u>res judicata</u>.

2.   The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

**SIGNED** at Houston, Texas, on this 17th day of May, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE